**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**SHREE UGTAI EXPRESS, INC.**
**d/b/a HOLLDAY EXPRESS SHOP,**

    **Plaintiff,**

**v.**                                 **Case No. 1:26-cv-01050-STA-jay**

**WEST BEND INSURANCE COMPANY,**

    **Defendant.**

### ORDER GRANTING MOTION TO DISMISS

Plaintiff Shree Ugtai Express, Inc., d/b/a Holladay Express Shop, filed this action against West Bend Insurance Company for the alleged wrongful denial of insurance benefits. The action was originally filed in Decatur County Circuit Court and was removed to this Court by Defendant with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332.

Defendant filed a motion to dismiss on March 17, 2026 (ECF No. 7), contending that the action is barred by the applicable statute of limitations. Because Plaintiff failed to respond to the motion within the requisite time, the Court entered a show cause order. (ECF No. 8.) Plaintiff responded to the motion and the order to show cause. (ECF No. 10.) Plaintiff argued that it should be permitted, pursuant to Fed. R. Civ. P. 6(b)(1)(B), to file its response out of time because its failure to file a timely response was "the result of excusable neglect." Defendant filed a reply to the response (ECF No. 12.) In addition to addressing the arguments raised by Plaintiff in its response, Defendants objects to the consideration of Plaintiff's response by the Court. Although the Court does not disagree with Defendant that Plaintiff's reason for the late filing does not rise to the level of excusable neglect, the Court will decide the motion on the merits. For the reasons set forth below, Defendant's motion is **GRANTED**.

Standard of Review/Legal Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the plaintiff's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.  The movant has "the burden of explaining — with whatever degree of thoroughness is required under the circumstances — why dismissal is appropriate for failure to state a claim." *Pinnacle Bank as trustee of Ransom Fam. Tr. v. Fid. & Deposit Co. of Maryland*, 598 F. Supp. 3d 666, 671 (M.D. Tenn. 2022)

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *See*, *e.g.*, *Doe v. Ohio State Univ.*, 219 F.Supp.3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

In a diversity action, such as this lawsuit, the Court must apply the relevant state substantive law. *See*, *e.g.*, *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  Accordingly, Tennessee substantive law applies in this case to questions of application of the insurance policy to the underlying claims and statute of limitations issues.

Under Tennessee law, an insurance policy can establish an enforceable, agreed-upon limitations period within which an applicable lawsuit can be filed - that is, outside of which a lawsuit cannot be filed. *See*, *e.g.*, *Brick Church Transmission, Inc. v. Southern Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003) (citing *Hill v. Home Ins. Co.*, 22 Tenn. App. 635, 125 S.W.2d 189, 192 (1938)).  The Policy at issue here provides that "No one may bring a legal action against us under this insurance unless: a. There has been a full compliance with all of the terms of this insurance; and b. The action is brought within two years after the date on which the direct physical loss or damage occurred." (Ins. Pol. PageID 58, ECF No. 1-1.) The parties agree that based on this provision, a two-year limitations period applies to the breach of contract claim.

Defendant contends that Plaintiff failed to bring suit within the two-year limitations period required by the insurance policy and, therefore, the claim fails as a matter of law.  Additionally, because a claim for bad faith denial of an insurance claim is an action for a statutory penalty, it is governed by the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104. *See Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 791 (W.D. Tenn. 2013).

Background/Factual Allegations

Plaintiff alleges that, on or about December 25, 2022, property covered by an insurance policy issued by the Defendant suffered damage from a burst water heater pipe. The complaint states that Plaintiff made a written demand for appraisal and appointment of an umpire on or about

3

December 7, 2023. (Cmplt, PageId 7, ECF No. 1-1.) As an exhibit to the complaint, Plaintiff submitted a Sworn Statement in Proof of Loss dated August 8, 2024. (*Id.* PageId 12.) Plaintiff brings claims of breach of contract and statutory bad faith due to Defendant's alleged failure to engage in the policy's appraisal procedures and alleged failure or refusal to fully and promptly pay the money it owes pursuant to the policy.

Although Defendant initially claimed that Plaintiff filed its complaint on December 17, 2025, in the Decatur County Circuit Court, it now concedes that the complaint was filed on December 17, 2024 – within the two-year statute of limitations. However, although the original summons was issued on December 17, 2024, the same day the complaint was filed, that summons was not served and was never returned. An alias summons (ECF No. 11) was not issued until February 6, 2026, over a year after the original summons was issued and the complaint was filed.

Tennessee Rule of Civil Procedure 3 provides that a suit is commenced for purposes of statutes of limitations upon the filing of a complaint; however, if the defendant is not served in 90 days:

> [T]he plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

In this case, the state court clerk issued the summons on December 17, 2024, the day the complaint was filed. However, it was not returned in 90 days and was never served on Defendant. Plaintiff was, therefore, required to obtain new process no later than December 17, 2025, but did not do so. No summons was reissued until February 6, 2026, over one year after the filing of the complaint and issuance of the original summons.

Failure to obtain new process within one year of the previous process means that Plaintiff cannot rely on the date the complaint was filed to avoid the expiration of the limitations period.

The statute of limitations continued to run and was not tolled by the filing of the complaint. Therefore, Plaintiff did not "commence" the suit for purposes of Rule 3 or the limitations period until February 6, 2026, at the earliest, when the alias summons was issued. Because the action was not commenced against Defendant within the two-year contractual period, Plaintiff's breach of contract claim fails as a matter of law.

Plaintiff's bad faith claim pursuant to Tenn. Code Ann. § 56-7-105 also fails as a matter of law due to the statutory statute of limitations. Plaintiff alleges that Defendant's "refusal and failure to pay the amount contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made[.]" Plaintiff asserts that the formal demand was made on December 7, 2023. (Resp. PageId 215, ECF No. 10.)

All claims under Tenn. Code Ann. § 56-7-105 must be brought within one year of accrual of such claims. *Montesi*, 970 F. Supp. 2d at 791. "The one-year statute of limitations begins running when the bad faith cause of action accrues sixty days after the formal demand or immediately after the insurer refuses to comply with the demand." *Id.* (citation omitted). Here, the failure to comply with Tenn. R. Civ. P. 3 means the filing of the complaint did not toll the statute of limitations for the bad faith claim. Because the original summons was never returned and Plaintiff failed to have the alias summons issued within one year of the filing of the complaint, the suit was not commenced prior to the one-year expiration of the statute of limitations. Thus, the bad faith claim fails as a matter of law.

In summary, the failure to comply with Tenn. R. Civ. P. 3 means that the filing of the complaint did not toll the statute of limitations. Accordingly, the the breach of contract claim was not commenced within two years of the loss, and the bad faith claim was not commenced within

5

one year of accrual. Defendant's motion to dismiss is **GRANTED**, and Plaintiff's claims are dismissed with prejudice.

     **IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date:  June 9, 2026.